ANNA TRUMBULL, Appellant, *v.* THE CHESAPEAKE & OHIO RAIL-
ROAD CO., Respondent.

APPEAL by the plaintiff from a judgment of the justice of the
Sixth District Court in favor of the defendant, in an action to
recover the value of a diamond ring, a diamond pin and a lorgnette
intrusted to the defendant as common carrier.

John C. Kennedy, for appellant.

Henry L. Sprague, and Stetson, Tracy, Jennings & Russell, for
respondent.

DALY, P. J. This was an action by a passenger on defendant's
railroad to recover for diamond jewelry alleged to have been
contained in her trunk when it was checked from Denver to
Cincinnati, from Cincinnati to Covington, and from the latter
place to Hot Springs, in Virginia, and to have been lost or ab-
stracted on the way. It was incumbent upon the plaintiff to
satisfy the trial court that the jewelry was placed in the trunk
before it was delivered to the defendant. Her only proof was
her own unsupported testimony, and the justice seems to have
found there was not a preponderance in her favor, considering
the facts of the case and the proof adduced by the defendant.

She described the trunk and the way it was packed at Denver.
It was a willow trunk with a leather covering, the top of which,
when closed, rested flush upon the other part, and it was strapped
with five straps, two large ones over it and three small ones in
front, and was locked and sealed. The diamonds, being a pin and
a ring, valued at $250, which the plaintiff had formerly carried on
her person in her dress, but which, owing to the heat of the weather,
she resolved at Denver to carry in her trunk, were placed by her
in a box made of wood and pasteboard, in which she carried her
lorgnette. The box was about a foot along, four inches deep and
four inches wide, filled with cotton. This box she rolled in some
white skirts, making a bundle about sixteen inches long and eight
inches through, and put it in the middle with clothing around it,
the whole covered with a basket which set in the trunk like a tray
and covered all but a little space.

This trunk was left by her at the railroad depot at Cincinnati
for a space of two days while she stopped at a hotel, was then
checked to Covington, where it was left over night at the railroad
depot, and was checked the next morning to Hot Springs. At

that time the plaintiff saw it at the depot and noticed that the lock and catch were broken, the leather covering of one end torn off and the contents visible for a space of about an inch between the cover and the trunk. In this condition the plaintiff permitted it to be taken to Hot Springs, where she examined it at the railroad depot in the presence of the company's agent and found the box gone, although the skirts in which it had been wrapped were there. This was the plaintiff's testimony. On defendant's behalf it was shown by one agent that the wicker-work of the side was not broken, only the leather cover was torn, so that the box could not have slipped through the side. By another agent it was stated that the lock and seal were intact at Hot Springs; that the plaintiff opened it with a key; that there was but one skirt in which plaintiff claims she had put the box, which skirt was on top of the basket and not underneath it. This agent stated that there was space enough between the lid and the trunk for a box ten inches long and four inches wide to fall through, but he evidently had in mind the kind of box the plaintiff described to him at the time, viz., one two inches thick, a description differing from that which the plaintiff gave upon the trial.

The plaintiff was thus contradicted in more than one particular, but chiefly as to the manner in which her trunk was packed and as to the breaking of the lock. The former was a matter as to which she could hardly be mistaken, viz., the precautions taken by her to secure her jewelry, and the latter was a matter of very great importance, since if the lock was not broken it is difficult to believe that the lid of the trunk could be so forced from the body that a box four inches thick could be abstracted or could slip from the covering of skirts, placed under a basket which covered nearly the whole interior of the trunk.

It was a circumstance, of course, to be considered by the justice that the plaintiff treated the trunk as if its contents were of little value, since, when she discovered it, as she describes, " dilapidated " at the railway station, she took no precautions to secure it nor to assure herself of the safety of its contents, but permitted it to be transported further by rail in that condition.

As we have stated, it was for the justice to determine whether the preponderance of evidence was on the side of the plaintiff, and we are not justified in disturbing his verdict upon a question of fact, which was quite within his province to decide.

Judgment affirmed, with costs.

McADAM and BISCHOFF, JJ., concur.

Judgment affirmed, with costs.